# CHARLESTON.

RYLAND & RANKIN *v.* CHESAPEAKE & OHIO RAILWAY CO.

Submitted February 16, 1904—Decided March 1, 1904.

1. RAILROAD—*Damages—Common Carrier.*

R. & R. shipped by the C. & O. Railway Company, a box of goods on the 14th day of September, 1900, from White Sulphur, West Virginia, to Newark, N. J. On the 28th of November, 1900, the carrier tendered the box to La Pierre Company, the consignee, who refused to accept the same. R. & R. brought their action of *assumpsit* for the value of the goods, alleging their loss. The plaintiffs proved the tender of the goods to the consignee and consignee's refusal to accept them. *Held:* Plaintiffs could not recover the value of the goods in said action, not having first made a demand on the carrier therefor. (p. 184).

2.  RAILROAD—*Damages—Carrier.*

    · Delay on the part of the carrier does not constitute a conversion of the goods, no matter how long continued, so as to make him liable for their value; and, so long as the goods remain in specie the plaintiff can recover from the carrier only the damages which he has sustained by the delay. (p. 184).

3.  RAILROAD—*Carrier—Conversion.*

    The owner cannot charge the carrier with a conversion or the value of the goods for delay however long, if they are safely kept, unless they have been demanded of the carrier and their delivery refused. (p. 184).

Error to Circuit Court, Greenbrier County.

Action by Ryland & Rankin against the Chesapeake & Ohio Railway Company. Judgment for plaintiffs. Defendant brings error.

*Reversed.*

SIMMS & ENSLOW, for plaintiff in error.

GILMER & GILMER and H. L. VAN SICKLER, for defendants in error.

McWHORTER, JUDGE:

Ryland and Rankin, filed their declaration in the clerk's office of the circuit court of Greenbrier county against the Chesapeake and Ohio Railway Company, averring that on the 14th day of September, 1900, plaintiff shipped, from White Sulphur Springs in said county by the defendant railway company, to the city of Newark, New Jersey, a box containing certain goods, in the declaration described, of the aggregate value of $418.21, which said defendant on the said day undertook and faithfully promised to take care of the said goods and chattels and safely and securely carry and convey the same on and by the railroad cars of said defendant from the said White Sulphur Springs to the said city of Newark, New Jersey, and there safely and securely to deliver the same for the said plaintiff; that although the said defendant had received the said goods and chattels for the said purpose, yet not regarding its duty as such carrier nor its promise and undertaking, had not taken care of the goods and chattels and safely and securely conveyed them and delivered them at the said city of Newark, New Jersey, but had so carelessly and neg-

ligently behaved and conducted itself with respect to the said goods and chattels; that by and through the mere carelessness, negligence and improper conduct of the defendant and its servants said goods and chattels being of the said value afterwards on the said day and year became and were wholly lost to the said plaintiff. The declaration contains three counts, all substantially the same, each count closing with the allegation that the goods were wholly lost to the plaintiff.

The defendant entered its general plea. A jury was empaneled and the case tried and a verdict rendered in favor of the plaintiff for $418.21. The defendant filed its bill of exceptions certifying all the evidence taken in the case and showing that the defendant had moved to set aside the verdict and grant it a new trial because the verdict was contrary to law and because of improper instructions given the jury, which motion the court overruled and refused to set aside the verdict and entered judgment thereon. It appears from the evidence introduced by the plaintiffs that the box containing the goods which were shipped was tendered by the defendant on the 28th of November, 1900, to La Pierre Manufacturing Company at its place of business in the city of Newark, New Jersey, who refused to receive it. La Pierre Manufacturing Company being the consignee named on the box and to whom the evidence shows the box was shipped, although the declaration fails to disclose the name of the consignee of the goods. The declaration is a declaration for the loss of the goods and yet the evidence shows that the goods were not lost, hence they must be yet in the custody and care of the defendant. The instructions numbers 1, 2, 4, 5, 6 and 7, given for plaintiff, as well as the instruction number one, offered by defendant and refused, are all based upon the theory of the declaration, that the box was lost and there is no evidence in the case upon which to base any such instructions, and therefore plaintiff's instructions were improperly given and defendant's instruction number 1, of the same character, was properly refused. The only instruction offered which was proper to be given was defendant's instruction number 2, which was refused by the court, and is as follows: "The court instructs the jury, that if they find from the evidence that the defendant, or any one else offered to deliver to the consignees, La Pierre Manufacturing Co., at their place of business in

Newark, New Jersey, the box shipped by Ryland & Rankin, on September 14, 1900, from White Sulphur, and the said Manufacturing Co. refused to receive the same, then you should find for the defendant." This instruction was in line with the evidence given in the case. The goods were never demanded of the defendant by the consignor, and the consignee had refused to receive the box when tendered to it. On the 30th of November, 1900, Ryland and Rankin wrote to R. H. Boatright, agent of the defendant, referring to the fact that they had on the 22d of October advised the defendant that La Pierre Manufacturing Company had not received the goods and that unless they were delivered to them on or before the first of November, the goods would not be accepted, and stating that they had that morning received advice from the La Pierre Manufacturing Company that defendant had endeavored to deliver to them a package on the 28th which they presumed was the package containing the goods shipped on the 14th of September, and that they had refused to receive the same and they thought the La Pierre Manufacturing Company was right in so doing, and closed by saying: "You will confer a favor on us by having this matter adjusted immediately and send us check to cover the amount of invoice." They did not demand the goods but demanded of the defendant that it pay the invoice price of the goods, treating it as a conversion of the goods which they could not do until after making a demand and a failure or refusal on the part of the defendant to deliver the goods. Section 775, Hutchinson on Carriers, pages 927-28, says: "Delay on the part of the carrier does not constitute a conversion of the goods, no matter how long continued, so as to make him liable for their value; and so long as the goods remain in specie, however much they may be depreciated in value, the consignee or owner must receive them when tendered, and can recover from the carrier only the damages which he has sustained by the delay. Nor will a voluntary acceptance of the goods, when there has been inexcusable delay on the part of the carrier in their delivery, preclude the owner from a recovery of whatever damages he may have sustained thereby." And authorities there cited. And the same writer in treating of the duties of common carriers in section 328, says, in part: "But as to this implied contract or duty, his responsibility is only that of an ordinary bailee for hire, and if he fail

in the performance of it, he becomes liable for only such damages as the bailor may have suffered by his negligence. Although he may have delayed the carriage for an unreasonable length of time, the bailor is still bound to receive the goods, when tendered, where the delivery is required to be made, and cannot refuse them and hold the carrier liable for their value. And though the carrier may delay ever so long, the owner cannot charge him with a conversion, or for value of the goods, if they are safely kept, unless they have been demanded of the carrier and their delivery refused. But if by the unreasonable delay they have deteriorated or their market value has failed, or they arrived too late for the market, he may hold him liable for the damages. And in an action to recover such damages, he may recover for any reasonable expense to which he has been put by the delay."

The evidence wholly fails to support the allegations of the declaration and the court having erred in giving the instructions named for plaintiff, and refused the second instruction for defendant hereinbefore set forth, the judgment must be reversed, the verdict of the jury set aside, and the cause remanded, and the plaintiffs granted leave, if they so desire, to amend their declaration or take such other proceedings as they may be advised it is proper to do.

*Reversed.*