St. Louis, Iron Mountain & Southern Railway Company v. J. H. White & Co.

No. 1316.  Decided April 18, 1904.

**1.—Assignment of Error.**

Assignment and proposition and statement thereunder held sufficient to raise the question of error in overruling defendant's plea to the venue of the suit against a nonresident railway corporation having an agent in the State. (Pp. 495, 496.)

**2.—Venue—Railway.**

A foreign railway corporation operating no line in this State, but having an agent therein, was entitled to be sued in the county where it had such agent in an action on an interstate shipment of cattle over connecting lines of road under a contract which exempted each road from damage on other lines. (Pp. 496, 497.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Mitchell County.

The railway company prosecutes error on the affirmance on its appeal of a judgment recovered against it at suit of White & Co.

*Henry & Henry*, for plaintiff in error.—A foreign railway corporation, no part of whose railway line is within the State of Texas, but which has an agent in the State, can not be sued in a county where it has no agent and whose courts would ordinarily have no jurisdiction over it, for the reason that it is sued for alleged damage to freight transported over its line and that of a connecting line of railway, which connecting line of railway extends into the county in which the suit is brought. Acts of Leg., 1899, p. 214; Texas & P. Ry. Co. v. Edmisson, 52 S. W. Rep., 635; Gulf C. & S. F. Ry. Co. v. Cushney, 95 Texas, 309; Texas & P. Ry. Co. v. Childs, 40 S. W. Rep., 41; St. L. S. W. Ry. Co. v. Whitley, 77 Texas, 128.

*Ben Randals* and *Ed. W. Bounds*, for defendant in error.—Whenever any freight, baggage or other property has been transported over two

or more railroads operating any part of their roads in this State, and having an agent in this State, suit for damages thereto or other cause of action connected therewith may be brought against any one or all of such railroad corporations in any county in which either of such railroads extends or is operated.  Acts of 1899, p. 214.

A foreign railway corporation which owns no track in the State of Texas, but connects at the State line with another railroad which does own a track extending through the State, and does a joint traffic business with such Texas road and has a custom of running its engine and cars over the State line into Texas on the tracks of other companies, does business in the State of Texas, keeps and maintains its principal office and an agency in the State of Texas through which a large business is done, rents buildings, rooms, etc., owns furniture connected therewith and employs a number of men to attend to its business in the State of Texas, is operating a part of its road in the State of Texas, and for loss or damage to any freight or baggage or other property which has been transported over both roads it may be sued either jointly or singly in any county in which either of said roads extends or is operated.  Acts of Leg., 1899, p. 214; St. Louis A. & T. Ry. Co. v. Whatley, 77 Texas, 130; San Antonio & A. P. Ry. Co. v. Graves, 49 S. W. Rep., 1103.

BROWN, Associate Justice.—J. H. White & Co. sued the Texas & Pacific Railway Company and the plaintiff in error in the District Court of Mitchell County, Texas, to recover from them $1336.35, damages, alleged to have been caused to 352 head of cattle delivered by J. H. White & Co. to the Texas & Pacific Railway Company at Big Springs, Texas, for shipment to the Union Stock Yards in the State of Illinois. The St. Louis, Iron Mountain & Southern Railway Company pleaded under oath its privilege to be sued in Dallas County, alleging that it was a corporation created by the laws of the States of Missouri and Arkansas, and was not incorporated under the laws of the State of Texas; and that it neither owned nor operated any railroad in the State of Texas.  It denied that it had any agent or representative in Mitchell County, but alleged that it had an agent and representative and an office for the transaction of business in the city of Dallas, Dallas County, Texas, and a passenger agent in the city of Austin, Travis County, Texas.  It denied that it was a partner or in any sense jointly bound with the Texas & Pacific Railway Company upon the contract of shipment of the said cattle, and specifically negatived every ground which could give jurisdiction to the District Court of Mitchell County, charging that all allegations of partnership and joint liability by which it was attempted to confer jurisdiction upon the District Court of that county were made fraudulently for the purpose of giving jurisdiction to that court.

The plea of privilege being submitted to the court for trial without a jury was passed upon and overruled before the cause was submitted to the jury.

The undisputed evidence in the case shows that the railroad owned by the Texas & Pacific Railway Company passes through Mitchell County and that Big Springs is a station upon the said road; that the said Texas & Pacific Railroad extends eastward from Big Springs to the boundary line between the States of Texas and Arkansas at the city of Texarkana, where it connects with the railroad track of the St. Louis, Iron Mountain & Southern Railroad, forming one continuous track out of one State into the other. The St. Louis, Iron Mountain & Southern Railroad owns no tracks, switches nor depots or other buildings connected with its railroad in the State of Texas, and does not operate any part of its railroad within this State.

The cattle were delivered to the Texas & Pacific Railway Company upon written contract by which it was agreed that they should be transported to the Union Stock Yards, Illinois; the said contract provided that the said Texas & Pacific Railway Company should not be liable for damages which might be occasioned to the said cattle after they were delivered to its connecting line, its liability for the said stock under the contract being limited to its own line of railroad, and the contract contained this provision: "It is expressly agreed, however, that the conditions of this contract shall inure to the benefit of all carriers transporting live stock shipped hereunder unless they otherwise stipulate; but in no event shall one carrier be liable for the negligence of another."

In the Court of Civil Appeals the plaintiff in error presented the following assignments and proposition:

"First Assignment of Error: The court erred in overruling and refusing to sustain the plea of privilege of the St. Louis, Iron Mountain & Southern Railway Company as shown by its bill of exception number 1.

"Second Assignment of Error: The court erred in holding that under the law the St. Louis, Iron Mountain & Southern Railway Company could be sued in this case and compelled to defend the same in the District Court of Mitchell County, Texas; that it was not entitled under the law to be sued in Dallas County, Texas.

"Proposition: A foreign corporation, no part of whose railway line is within the State of Texas, but which has an agent in the State, can not be sued in a county where it has no agent and whose courts would ordinarily have no jurisdiction over it, for the reason that it is sued for alleged damages to freight transported over its line and that of a connecting line of railway, which connecting line of railway extends into the county in which the suit is brought."

Under the assignments and proposition there was a statement of the undisputed evidence introduced upon the trial of the plea before the court which was duly preserved by bill of exception approved and signed by the judge. The Court of Civil Appeals refused to consider the assignment, which is assigned as error here.

The assignments state the error charged to have been committed by the trial court in clear and explicit language; the proposition under the

assignments points out the grounds or reasons upon which the assignments are based, and the statement presented to the court the evidence to sustain the assignments and proposition. These were sufficient to enable the Court of Civil Appeals to see that the particular ruling complained of was that the trial court held the St. Louis, Iron Mountain & Southern Railway Company to answer to this suit in Mitchell County when it had no agent in that county and was not operating any railroad in Texas; there being no other ground upon which the court could take jurisdiction of the case. The assignments should have been considered by the Court of Civil Appeals. Land Co. v. McClelland Bros., 86 Texas, 179.

The venue of suits against foreign corporations doing business in this State is prescribed by the following statute: "Foreign, private or public corporations, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any court within this State having jurisdiction over the subject matter, in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or when the defendant corporation has no agent or representative in the State, then in the county where the plaintiffs or either of them reside." Subdiv. 25, art. 1194, Rev. Stats. The undisputed evidence in this case established the following facts: Neither the cause of action against the plaintiff in error nor any part of it accrued in Mitchell County; that the St. Louis, Iron Mountain & Southern Railway Company had an agent, representative and office in the city of Dallas, Dallas County, Texas; and that it did not have any agent, representative or office in the county of Mitchell, in which the suit was instituted. It is a foreign corporation not incorporated by the laws of the State of Texas and was doing business in this State at the time. It is not claimed that Mitchell County had jurisdiction under the provisions of the law quoted; it is therefore unnecessary to discuss that question. The plea of privilege should have been sustained, unless the facts bring the case within the terms of the following section of an act entitled "An act to prescribe the parties to and venue of suits against railroad corporations and assignees, trustees and receivers operating any railway over whose transportation lines, or parts thereof, any freight, baggage or other property has been carried during transportation."

"Section 1. That whenever any freight, baggage or other property had been transported over two or more railroads operating any part of their roads in this State, and having an agent in this State or operated by any assignee, trustee or receiver of any such railways, suits for loss or damages thereto or other cause of action connected therewith, or arising out of such transportation or contract in relation thereto, may be brought against any one or all of such railroad corporations, assignees, trustees or receiver operating any of such railways in any county in which either of such railroads extends or is operated; provided, however,

that if damages be recovered against more than one carrier not partners in the shipment or contract they shall be apportioned between the defendants by the verdict of the jury and the judgment of the court, or by the judgment alone, should no jury be demanded; provided, this act shall not change venue in any case now pending." Gen. Laws of Texas, 1899, p. 214. This section prescribes the venue for and parties to suits when two or more railroad companies doing business within this State have participated in the transportation of any freight, baggage or other property. The terms "operating any part of their roads in this State" mean that such corporations are engaged in the transportation of freight, baggage or other property within this State. The undisputed evidence in this case shows that the St. Louis, Iron Mountain & Southern Railway track did not extend into this State, and that the company was not engaged in the "transportation of any freight, baggage or other property within the limits of this State," but in the course of business between it and the Texas & Pacific Railway Company as connecting lines the engines and cars of each road reciprocally passed over the boundary line of the States of Texas and Arkansas. In no sense could it be said that such interchange of business is within the terms "operating any part of its road within this State." The caption of the act more definitely expresses the legislative intention by the language, "against railroad corporations, etc., operating any railway over whose transportation lines, or parts thereof, any freight, baggage or other property has been carried during transportation." Considering the caption and the body of the act together it appears that "operating any part of their roads," etc., means transporting freight, etc., over their lines, and does not embrace the transfer of freight from one road to another. There is no evidence to support the conclusion that plaintiff in error operated any part of its railroad in Texas.

The trial court erred in overruling the plea of privilege. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this cause be dismissed.

*Reversed and dismissed.*