GULF, COLORADO & SANTA FE RAILWAY COMPANY ET AL. V. H. B. PITTS & SON.

Decided November 19, 1904.

**1.—Carriers of Freight—Connecting Lines—Burden of Proof as to Damages.**

Where the uncontradicted evidence shows that goods shipped over connecting lines were in good condition when delivered to the initial carrier and were in a damaged condition when tendered to the consignee at destination, this makes a prima facie case against the terminal carrier, and when it is shown that the goods were not damaged while in its possession, this casts the burden of proof on the next preceding intermediate carrier to acquit itself of the presumption that the goods were damaged on its line.

**2.—Same—Proof of Damage.**

Evidence considered and held sufficient to sustain a finding that goods were damaged while in the possession of an intermediate carrier.

**3.—Same—Remedy of Shipper for Damage—Refusal to Accept Goods.**

As a general rule the fact that goods are injured in transportation, for which the carrier is responsible, does not justify the consignee in refusing to accept,—his remedy being to hold the carrier liable for the injury or difference in value. But a judgment for the full value of the goods in favor of a shipper who refused to accept will be upheld where the carrier sold the goods for their fair value in their damaged condition, and so lost only the amount of the damage, for which it was responsible and which the shipper might have recovered against it had he received the goods.

**4.—Same—Venue—Connecting Lines.**

Where there is a through shipment from Kansas to Texas over three connecting lines, two of which are operating their roads in Texas, a suit for damages to the freight shipped may be brought against either or both of such two lines in any county of Texas in which either of them extends or operates. Gen. Laws 26th Leg., p. 214.

Appeal from the County Court of Harrison. Tried below before Hon. H. T. Lyttleton.

*J. W. Terry* and *A. H. Culwell,* for appellant.—1. This appellant being an intermediate carrier, that is, being neither the initial nor delivering carrier, no presumption of negligence as against it will be indulged, but the burden is on the plaintiff to show actually that the damages complained of were due to its negligence and occurred while the property was in its possession. Texas & P. Ry. Co. v. Adams, 78 Texas, 372; Gulf, C. & S. F. Ry. Co. v. Edloff, 89 Texas, 454; Texas & P. Ry. Co. v. Llano L. S. Co., 33 S. W. Rep., 748; Missouri P. Ry. Co. v. Weissman, 21 S. W. Rep., 426; Houston & T. C. Ry. Co. v. Ney, 58 S. W. Rep., 43.

2. Where goods arrive at destination in a damaged condition, it is the duty of the consignee to accept the shipment, and because the goods arrive in a damaged condition does not justify him to refuse to accept the shipment and sue for the conversion, and in this case the plaintiffs were not authorized to refuse to accept the car, but were required to accept it, and after acceptance if it was found that the goods were damaged, it was their right to recover for the loss sustained. Gulf, C. & S. F. Ry. Co. v. Jackson, 15 S. W. Rep., 128; Gulf, C. & S. F. Ry. Co.

v. Barton, 15 S. W. Rep., 502; Baumback v. Railway Co., 4 Texas Civ. App., 650; Hutchinson, Carriers, sec. 775.

3. It appearing that this appellant had neither agent nor line of road in Harrison County, had made no contract to be performed in that county, and that under the contract its liability was limited to its own line, and that it was an intermediate carrier, the County Court of Harrison County did not have jurisdiction over it, and the trial court erred in not sustaining its plea of privilege. San Antonio & A. P. Ry. Co. v. Barnett, 57 S. W. Rep., 600.

*F. H. Prendergast*, for appellee, Texas & P. Ry. Co.—1. While the presumption is against the last carrier handling the goods, yet when it by evidence clears itself from being the cause of the damage, the presumption, of course, falls on the next carrier to it. In other words, the presumption is against the last carrier handling the goods which has not shown itself to be without fault. And in this case the evidence being sufficient to show that the damage did not occur on the Texas & Pacific, the presumption then arises against the Gulf, Colorado & Santa Fe Railway Co. v. Adams, 78 Texas, 372.

2. The court did not err in overruling the appellant's plea of privilege to be sued in some other county than the county of Harrison. Act of 1895, p. 186; Acts of 1899, p. 214; Railway Co. v. White, 80 S. W. Rep., 77.

BOOKHOUT, ASSOCIATE JUSTICE. H. B. Pitts & Son, as plaintiffs, instituted this suit in the County Court of Harrison County, alleging that on the 8th day of November, 1902, there was shipped to them a car of chops from Coffeyville, Kan., over the Atchison, Topeka & Santa Fe Railway, the Gulf, Colorado & Santa Fe Railway, and Texas & Pacific Railway, destination Marshall, Texas, same being of the value of $345. It was represented that the car of chops was received in good condition by the initial carrier, but that same was not delivered at destination until about thirty days after the date of shipment, which is alleged to be an unreasonable delay, and same was refused by plaintiffs because of such delay, and because of the damaged condition of the chops at the time of delivery. It was further averred that the Texas & Pacific Railway Company disposed of the chops, and plaintiffs ask for judgment against all of said railway companies for the sum of $345, the value of the car. The appellant Gulf, Colorado & Santa Fe Railway Company answered by plea of privilege, general denial, and further, that this car was promptly and legally tendered to consignees at destination, and refused by them. Cause was tried before the court without a jury, who, on November 9, entered judgment overruling appellant's plea of privilege, and finding that this appellant was indebted to plaintiffs in the sum of $163.85, and that the Texas & Pacific Railway Company was indebted to plaintiffs in the sum of $41.25. Conclusions of fact and law were duly filed by the trial court in accordance with above statement, and judgment was entered against the two defendants above named in the amount, respectively shown. No judgment was entered against the Atchison, Topeka & Santa Fe Railway Company, but it was

dismissed. This appellant duly excepted to the conclusions of law and fact as found by the trial court, and prosecuted its appeal.

The case was tried by the court, and the following conclusions of fact filed: "On November 9, 1902, H. B. Pitts & Son had shipped to themselves to Marshall, Texas, and from Coffeyville, Kan., one car of 300 sacks of chops over the Atchison, Topeka & Santa Fe, the Gulf, Colorado & Santa Fe, and Texas & Pacific Railroads. The Gulf, Colorado & Santa Fe Railroad Company received the car of chops on November 15, 1902, in good condition, the same being in good condition when shipped, and the said Gulf, Colorado and Santa Fe delivered the said chops to the Texas and Pacific Railway Company on November 28, 1902, in a damaged condition. The said car of chops arrived at Marshall on November 30, 1902, and in a damaged condition was offered to H. B. Pitts & Son, and by them refused.

The car of chops in good condition was worth in Marshall November 30, 1902, $336.35; in the condition in which the chops arrived they were worth $175. The Texas and Pacific Railway Company sold the car of chops for $175, its value in the condition in which it was received. The expense of selling the chops was $2.50, which was reasonable and should be deducted from the selling price of the chops, leaving $172.50, which was the fair and reasonable net value of the car of chops in its damaged condition.

The freight on the car of chops was $131.25, which, being deducted from the net proceeds of the car, leaves $41.25, which now is in the hands of the Texas and Pacific Railway Company.

Gulf, Colorado and Santa Fe should have delivered the said car to the Texas and Pacific Railway Company in three days from November 15, 1902, but did not make the delivery until November 28. The said chops was damaged by getting wet and heating.

H. B. Pitts & Son sold only to the wholesale trade and the car of chops as tendered to them by the Texas & Pacific Railway Company was not suitable for the business.

No part of the Atchison, Topeka and Santa Fe Railroad is in Texas, and no part of the Gulf, Colorado and Santa Fe is in Harrison County.

No further damage resulted to said chops by reason of the refusal of H. B. Pitts & Son to accept same.

The bill of lading limited liability to damage occurring on each line, and all the damage occurred on the Gulf, Colorado and Santa Fe Railroad.

The evidence supports the conclusions of fact as found by the trial court, and the same are adopted.

1. By the terms of the contract of carriage each carrier was responsible only for the damage occurring on its road. It was shown, without contradiction, that the goods were in good condition when delivered to the railroad at Coffeyville, Kan. It was then shown that when they arrived at Marshall they were in a damaged condition. This evidence made a prima facie case against the last carrier, the Texas and Pacific Railway Company. The evidence was sufficient to sustain the trial court's finding that the chops were not damaged while in the possession of the Texas and Pacific Railway. This placed the burden on the next

preceding carrier, the Gulf, Colorado and Santa Fe Railway Company to acquit itself of the presumption that the goods were damaged on its line. Railway v. Cushney, 4 Texas Court Reporter, 386, 67 S. W. Rep., 77; Railway v. Adams, 78 Texas, 372; Railway v. Edloff, 89 Texas, 454; Railway v. Mazzie, 4 Texas Court Reporter, 858, 68 S. W. Rep., 56. It was shown that the carload of chops was shipped from Coffeyville, Kan., on November 18, 1902, over the Atchison, Topeka and Santa Fe Railway to Purcell, I. T., and was there delivered to the Gulf, Colorado and Santa Fe Railway Company on November 15, 1902, and by it transported to Fort Worth, and there delivered to the Texas and Pacific Railway on November 28, 1902, and by that company transported to Marshall, Texas, and tendered to Pitts & Son on November 30, 1902. It was refused by them, because the same was damaged by water. There was testimony that the chops were wet and had become heated when tendered to Pitts & Son. The car was in the possession of the Gulf, Colorado and Santa Fe Railway Company thirteen days, which was an unreasonable length of time. There was testimony that the car had been inspected at Coffeyville, and again at Purcell, Fort Worth, and Marshall, and that it was reported in good condition by the inspectors. We are of the opinion that the court was justified in concluding that the damage to the chops occurred while in the possession of the Gulf, Colorado and Santa Fe Railway Company.

2. It is insisted that the goods having been transported to their destination and there tendered plaintiffs, they were not, under the facts, justified in refusing the same and suing for the value thereof. As a general rule, the fact that goods are injured in transportation for which the carrier is responsible does not justify the consignee in refusing to receive them, but he must accept them and hold the carrier responsible for the injury. Hutch. on Car., sec. 770d; Railway v. Jackson, 15 S. W. Rep., 128; Baumbach v. Railway, 4 Texas Civ. App., 650.

We are of the opinion that Pitts & Son should have received the chops and sued for their damage. However, it does not appear that any different result would have been reached had the consignee received the goods in their injured condition and then sued for damages. The goods were sold by the Texas & Pacific Railway Company and brought their full value in their damaged condition. They brought, after deducting the cost of sale, $172.50, and this was the full value of the goods in their then condition, and after paying the freight, $131.25, there was left $41.25 in the possession of the Texas & Pacific Railway Company, for which sum judgment was rendered against it. Judgment was rendered against the appellant Gulf, Colorado & Santa Fe Railway Company for the difference in the value of the goods at Marshall, $336.35, had they not been damaged, and $172.50, their value in their damaged condition. Thus the same result was reached as would have been had the consignee received the goods and sued for the damage.

3. The court did not err in overruling the appellant Gulf, Colorado & Santa Fe Railway Company's plea of privilege to be sued in some county other than the county of Harrison. This was a through shipment from Coffeyville, Kan., to Marshall, Texas, over three connecting

railroads.  The appellant Gulf, Colorado & Santa Fe Railway Company and the Texas & Pacific Railway Company, two of such carriers, were each operating their roads in Texas, and suit against them or either of them could be brought against both roads in any county in which either of said railroads extends or operates.  Gen. Laws 26th Leg., p. 214; International & G. N. Ry. Co. v. Jones, 26 Texas Civ. App., 167, 62 S. W. Rep., 1076; St. Louis I. M. & S. Ry. Co. v. White, 97 Texas, 493, 80 S. W. Rep., 77.

No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*