## WELLS, FARGO AND COMPANY v. A. O. HANSON.

### Decided December 20, 1905.

**1.—Express Company—Delay in Delivery—Measure of Damage.**

Plaintiff shipped his trunk by express from C. to S. After a reasonable time he demanded his trunk of the express company at its destination. The trunk could not then be found, but was afterwards found and tendered to plaintiff. He refused to accept it because of the delay, and sued for value of trunk and contents. Held, the proper measure of damage was compensation for the damage occasioned by the delay in delivery, and not the value of the trunk and contents.

**2.—General Denial—Evidence Admissible.**

Any fact or circumstance legitimately tending to disprove or rebut plaintiff's proof upon an issue is admissible under the general issue.

**3.—Corporate Name—Appeal Bond.**

In the suit the defendant corporation was styled "Wells Fargo Co. Express." The appeal bond was signed "Wells Fargo & Co., by Atty." Held, the motion to dismiss the appeal because of the variance in the names was not well taken.

Appeal from the County Court of Hardin County. Tried below before Hon. H. N. Vickers.

*Chester, Crawford & Chester,* for appellant.—Delay in transportation does not constitute a conversion, no matter how long continued, so as to make the carrier liable for the value. Hutchinson on Carriers, sec. 775 (2d ed.) ; Gulf, C. & S. F. Ry. Co. v. Jackson, 15 S. W. Rep., 128; Gulf, C. & S. F. Ry. Co. v. Booton, 15 S. W. Rep., 502; Baumbach v. Gulf, C. & S. F. Ry. Co., 4 Texas Civ. App., 650.

*B. L. Aycock,* for appellee.

GILL, CHIEF JUSTICE.—This is a suit by A. O. Hanson to recover of the Wells Fargo Express Company the value of a trunk and its contents alleged to have been delivered to the express company for transportation and delivery to the owner at Silsbee, Texas, and it is alleged the company failed to deliver it.

The defendant pleaded first, a general denial, second, that the trunk had been tendered to plaintiff who refused to accept it.

The cause originated in the Justice Court and this is an appeal by the company from a judgment rendered against it on appeal to the County Court.

According to plaintiff's evidence plaintiff was stopping with a man named Buford at Cameron, Texas, and desiring to leave he directed Buford to ship his trunk to Silsbee, Texas, by express. That Buford delivered the trunk to the defendant Express Company for shipment to Silsbee, naming plaintiff as consignee. That within a reasonable time thereafter plaintiff demanded his trunk of defendant's agent at Silsbee, but the trunk could not be found. It was shown that the company undertook to make search for it. It finally discovered in the railway baggage room at Somerville, Texas, a trunk answering to the description of plaintiff's, and tendered same to him at Silsbee. That he refused to

accept it because he was not sure it was his, and because he had been compelled to purchase a new outfit of articles for his daily use on account of the long delay in the delivery of those in the trunk. The same trunk was tendered at the trial and refused.

The judgment is assailed, first, because the court·erred in rendering judgment for the value of the trunk and contents because the true measure of plaintiff's damage is compensation for the damage occasioned by the delay in the delivery. That defendant has not converted the property, but at most has breached its contract for prompt delivery.

The proposition seems to be sound and well supported by authority. (Hutchinson on Carriers, sec. 775; Gulf, C. & S. F. Ry. v. Jackson, 15 S. W. Rep., 128; Gulf, C. & S. F. Ry. v. Booton, 15 S. W. Rep., 502; Baumbach v. Gulf, C. & S. F. Ry. Co., 4 Texas Civ. App., 650.

The question of interest will not arise upon another trial as there was no conversion. Hence it is unnecessary to dispose of it.

Under the third assignment it is contended that the judgment is unsupported by the evidence on the issue of delivery of the trunk for shipment. We can not sustain the assignment. There was evidence of delivery to the express company, and the issue is for the jury. It is true plaintiff did not testify of his own knowledge that the trunk was delivered to the express company, but he did state without objection that Buford delivered it. Had there been objection Buford might have been called.

For a like reason the fourth assignment is overruled.

The fifth assignment presents material error. It was shown that a trunk answering the description of plaintiff's, containing the same list of articles and a book with plaintiff's name in it, was found in the railway baggage room at Somerville, Texas. This trunk had an ordinary baggage check on it indicating that it had been checked as baggage to Somerville. Defendant proposed to ask plaintiff, while on the witness stand, if he did not buy a ticket to Somerville, and if his trunk was not checked at his instance to Somerville upon that ticket, and that the trunk was not in fact delivered to appellant. Objection was sustained to this question and the witness was not required to answer. The ground of objection was that no such defense was pleaded. A complete answer to the objection is that it devolved on plaintiff to prove delivery to appellant. This burden he undertook to discharge by adducing evidence upon the point. Any fact or circumstance legitimately tending to disprove or rebut the plaintiff's proof upon the point was admissible under the general issue.

Appellee has presented a cross assignment to the effect that the court erred in refusing to dismiss the appeal to the County Court. The point upon which the motion was predicated was that "Wells Fargo Co. Express" a corporation, was the defendant sued, and "Wells Fargo & Co. by Atty." was the concern which executed the appeal bond.

We do not think the point well taken. Wells Fargo & Co., the corporation, was sued. The word "Express" does not appear to be alleged as a part of its corporate name, but is descriptive. To sustain the point would have this effect. A holding would follow inevitably that a judgment against "Wells Fargo & Co. Express" would not support an execution against the corporation properly known as "Wells Fargo & Co."

for the word express will be as important upon the one question as the other. The cross assignment is overruled.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*