Ruffin, C. J.
 

 As the Statutes confer on the Courts of law the same jurisdiction to make actual partition, which was possessed by the Court of Equity originally, a bill would not be entertained, which sought merely to transfer a partition cause from a Court of law to this Court. But, besides the jurisdiction to decree specific partition, the Court of Equity has, by the act of 1812, an authority, at the instance of any party interested, to order a sale of the property for division, if the Court shall find that actual partition cannot be made without injury to some of the parties. That jurisdiction is exclusive in the Court of Equity, and it necessarily gives rise
 
 to
 
 a power in that Court, to restrain some of the parties from applying to a Court of law for actual partition, to which at law they have an absolute right. For while one
 
 of
 
 the parties has
 
 *186
 
 the right to ask in either Court for actual partition, the other has an equal right to ask the Court of Equity for a partition by a sale, and division of the proceeds; and whether the case be a proper one for a sale, within the purview of the statute, must, in the nature of things, be determined, before a decree ought to be made for the partition in one way or the other ; since, by making actual partition, the Court would be precluded from subsequently ordering a sale, however clear it might appear upon the hearing, that there ought to be one. That would be the course, were a bill filed here in the first instance for partition, either actual or by sale, as the Court should deem best. The same result must follow upon the bill before us. As there was already a proceeding at law for actual partition, the plaintiff does not ask a partition of that kind in this suit; he being content, if such a partition is to be made at all, that it should be adjudged by the Court of law and made in the mode prescribed in the statute. But he says he is entitled to a relief by a sale of the premises, which the Court of law cannot administer to him, and the Court of Equity alone can ; and the sole object of the bill is to obtain that relief. It prays nolhing else ; and, unless the Court should give him that decree, his bill must be dismissed. The object of the suit, therefore, is to assert a pure equity, and one which is not denied, but arises out of the statute in every case, where real estate is to be divided. Whether this particular case be, in its circumstances, fit for a sale to be decreed, must depend upon the allegations of the bill and the proofs on the hearing. It is the question in the cause, and cannot, at least as a general rule, be decided upon motions to continue or dissolve an injunction. We will not say, it cannot appear so clear on the pleadings and exhibits, that there cannot ultimately be a decree for a sale, as to lay it down positively, that, in no instance whatever, ought the Court to allow the parties to go on at law' before the
 
 *187
 
 hearing of the cause in equity. But if there be such an instance, it is only where it is manifest upon the record, that the Court will feel obliged, in the progress of the cause, to deny the prayer for a sale. In the present case the facts are such as to render it, to say the least, not improbable, that the plaintiff may, upon the proofs, entitle himself to the decree he asks ; and, certainly, it would be premature, upon the answer alone, to allow the defendant, to have actual partition, and thus incidentally defeat this suit altogether, although upon the hearing, the plaintiff may be able to establish a complete case. Each party has an undoubted right to sever the common property, and the only question is as to the mode of doing it. That, which the plaintiff prefers, he can entitle himself to, only by showing, at the hearing, that he would suffer injury without it, while it would do no injustice to the others, and if he should not succeed in obtaining it, the other must follow of course. The defendants are therefore in no event to be injured, and the utmost inconvenience to them is that of the short delay, which may occur in a cause of this sort, when all the parties are desirous of getting their respective shares in severalty, in the one way or the other. That inconvenience is not comparable to the mischief, that may. arise to the plaintiff, by having the land laid off by a judgment at law into fifteen worthless strips presently, which he would in vain seek to remedy, however clearly he might subsequently show, that it ought not to have been done. He came here in apt time to avoid that, and we hold that it was erroneous to expose him to the risk of that irremediable injury, until it be definitely determined whether or not he is entitled to the equitable relief of a sale, w'hich can only be when the cause is heard. Wherefore the decree must be reversed, and the motion to dissolve the injunction overruled. The defendants, except the infants, must pay the costs of this suit.
 

 Per Curiam.
 

 Ordered to be certified accordingly.