## IN RE SPEASE FERRY.

(Filed April 25, 1905.)

*Ferries—Powers of Legislature Over—Franchises—Special Acts—Powers of County Commissioners.*

1. Art. 7, Sec. 2, of the Constitution giving the supervision and control of roads, bridges, etc., to the County Commissioners does not deprive the General Assembly of the power to pass an act authorizing the establishment of a public ferry at a certain point for a term of 30 years and providing that it shall be unlawful for any person to establish any other ferry within 1½ miles of said ferry.

2. The power to establish ferries is one of the attributes of sovereignty which is to be exercised by the legislature itself, or by any agent whom that body may authorize to act for it.

3. An act granting a ferry franchise and making it unlawful to establish any other ferry in 1½ miles thereof is a restriction upon the general power conferred upon County Commissioners under section 2014 of the Code "to appoint and settle ferries" and the commissioners have no power to authorize a ferry within the prohibited distance.

4. Public ferries are not monopolies, but franchises granted in consideration of public services. They may be exclusive, but are simply licenses revocable at will.

PETITION by Spease and Company, heard by *Judge O. H. Allen* and a jury at the September Term, 1904, of the Superior Court of FORSYTH County.

This was a petition filed by Spease & Company before the Board of Commissioners of Forsyth County, asking for a license to establish a ferry across the Yadkin River near Donnaha. To which petition Poindexter and Company filed exceptions. The Board of Commissioners made an order granting the petition, from which Poindexter and Company appealed to the Superior Court, and from the judgment of

the Superior Court affirming the Commissioners' order, they appealed.

CLARK, C. J.   By Chapter 222 Laws 1895, Poindexter & Co. were authorized to establish a public ferry near Donnaha station on the Yadkin River, for the term of thirty years, "subject to the general law, rules and regulations governing such ferries."   By section 3 of said act it is provided, "It shall be unlawful for any person to establish any other ferry within 1½ miles of said ferry."   This is a petition by Spease to the county commissioners to allow him to establish a ferry within the forbidden distance, heard on appeal in the Superior Court.

There can be no question as to the power of the General Assembly to pass this statute.   In *Barrington v. Neuse River Ferry,* 69 N. C., at p. 173, it was held that the legislature, under the power of eminent domain has the power to grant the franchise of a ferry by a special act, as well as to exercise such authority by a general statute vesting the usual exercise of such power in the county commissioners and that Article VII, Section 2, of the Constitution giving the supervision and control of schools, roads, bridges, etc., to the county commissioners, does not deprive the General Assembly of the power of special legislation over those subjects.   For a stronger reason this is so since by the amendment to Article VII (Section 14) in 1875 the legislature is authorized to "modify, change or abrogate any and all provisions" of that article, except sections 7, 9 and 13.   "A ferry franchise may, of course, like any other franchise, be granted by a special statute."   12 A. & E. Enc. (2nd. Ed.) 1092.   The power to authorize ferries resides in the legislature, but it may, when it chooses, exercise it through county commissioners or other subordinate boards.   *Carrow v. Toll-Bridge Co.,* 61 N. C., 119; 12 A. & E. Enc. (2nd Ed.) 1090, and cases in the notes thereto; 2 Farnham on Waters, Sec. 290.   "The grant of

such right to an inferior tribunal does not deprive the legislature of the right to exercise the authority itself if it wishes to do so." 2 Farnham on Waters, Sec. 290; 12 A. & E. Enc. (2nd. Ed.) 1093; *Wright v. Nagle,* 101 U. S., 791; *Chapin v. Crusen,* 31 Wis., 209; *Blake v. McCarthy,* 56 Miss., 654. "A very common restriction is to ordain that no ferry shall be established within a specified distance of an existing one." 2 Farnham Waters, Sec. 291 and cases cited.

"Constitutional provisions against the granting of monopolies do not apply to the granting of such franchises and the grant may be exclusive at the pleasure of the legislature." 2 Farnham, Sec. 305, citing *Charles River Bridge v. Warren,* 7 Pick., 344 and numerous other cases. The power to establish ferries "is one of the attributes of sovereignty which is to be exercised by the legislature itself, or by any agent whom that body may authorize to act for it," (*Carrow v. Toll-Bridge Co.,* 61 N. C., 119), the opinion going on to quote that under Revised Code, Ch. 101, Sec. 30, other ferries were forbidden within ten miles (now five miles, Code 2049), unless authorized by the county court (now county commissioners), which it can do "no matter how near the former, which the public convenience may require and of that the county court is the sole judge. *But this power of the court is necessarily subordinate to that of the legislature, and wherever that body prohibits the grant of the franchise of a ferry or toll bridge by the county court at any particular place, it puts an end to the court's power of granting such franchise at that place."*

The only remaining question is whether the provision of section 3 of the act making it "unlawful for any person to establish any other ferry within one and one half miles" was a restriction upon the general power conferred upon the county commissioners under Code Sec. 2014 "to appoint and settle ferries." If it was not, then the provision was a vain thing, for under Code Section 2049 no one could establish

such ferry without permission of the county commissioners within five miles. The legislative prohibition of any other ferry within a mile and a half of this ferry, established by itself, was a prohibition of any ferry by any authority or it meant nothing. That the statute meant this is recognized in the above cited case and in all others construing special acts, creating ferries. In *Robinson v. Lamb,* 126 N. C., at pp. 495, 497, where there was a similar special act, passed in 1873-4, conferring the right of a ferry upon the heirs of Samuel D. Lamb for thirty years, with a similar provision that "no other bridge, boat or ferry shall be established within three miles of the one allowed by said act," the court said: "The provision of the legislature of 1873-4 that other ferries or bridges would not be allowed within three miles thereof was simply legislation restricting the general power of the county commissioners given by The Code, Sec. 2014 (and previous legislation there summed up) to authorize public ferries wherever they saw fit."

That public ferries are not monopolies, but franchises granted in consideration of public services, *Smith v. Harkins,* 38 N. C., 619, and that there is the correlative duty devolved upon the grantees, as common carriers, to serve the public and under public regulations, of their charges and duties, has been uniformly held from the earliest times and in all jurisdictions. 2 Farnham, *supra,* Sec. 283; *Taylor v. Railroad,* 49 N. C., 281, in which last the exclusive privileges of ferrymen are discussed by *Pearson, J.* No case has ever denied this. Such rights existed at common law. 3 Blk. Com., 219. There has been, at times, a contest whether when the grant has been by special act and contained exclusive privileges, such grant was a contract or merely a revocable franchise. In *Bridge Co. v. Commissioners,* 81 N. C., 491, where the special act was passed prior to the Constitution of 1868 the court doubted that the General Assembly had the power by an irrevocable grant or contract to deprive the State in any

case of the benefit of increased facilities for transit over its
public waters when required by an increase in trade and busi-
ness, and held that an exclusive right of ferry, for three
miles on each side of the ferry granted (which was opposite
a large town) was revocable by the legislature, else it would
be a monopoly forbidden by the Constitution. To same pur-
port *McRee v. Railroad,* 47 N. C., 186. In *Robinson v.
Lamb,* 126 N. C., 497, the court held without any restriction
that all special acts, establishing ferries, were "simply licen-
ses, revocable at the will of the General Assembly," and not
contracts. *Bridge Co. v. Bridge Co.,* 138 U. S., 287; *Wil-
liams v. Wingo,* 177 U. S., 601.

The General Assembly by the statute here in question,
chapter 222, Laws 1895, conferred upon Poindexter & Co.,
the exclusive right to operate a ferry at Donnaha for 30
years, and provided "it shall be unlawful for any person to
establish any other ferry within one and one half miles"
thereof. The county commissioners certainly could not
make it lawful for any person to do so contrary to the stat-
ute. As to this matter the General Assembly exercised its
own judgment as to what the public interests required and
to the extent of this act abridged the general powers con-
ferred upon the county commissioners. Such act is sub-
ject to repeal by any subsequent legislature, but not by the
board of county commissioners of Yadkin. Had the county
commissioners, instead of the legislature granted the fran-
chise to Poindexter & Co., it would have been exclusive
(*Broadnax v. Baker,* 94 N. C., 678) for five miles on each
side, instead of one and a half miles, and would have been
for all time instead of thirty years, unless and until a sub-
sequent board of county commissioners (or an act of the legis-
lature) should discontinue it or establish another at a shorter
distance. *Toll-Bridge Co. v. Flowers,* 110 N. C., 381. The
only object of taking a legislative grant limited to thirty
years and restricted to one and one half miles was protection

against interference by the county commissioners, under their powers under the general statute, Code Secs. 2014, 2038, 2049. While the act conferring a grant upon Poindexter & Co. specifies that the ferry "shall be in all respects a public ferry, and subject to the general law, rules and regulations governing such ferries" this could not mean to negative the grant by subjecting its duration or its distance from competing ferries to the general law. Those were the sole benefits sought for and conferred by the special statute and are subject to repeal by the power that conferred them, but by that authority alone. The county commissioners had no jurisdiction to entertain the petitioners' proceeding to establish another ferry within the distance prohibited by the act of the legislature within the time prescribed by it.

Action Dismissed.