## LYONS & Co. *v.* HILL & Co.

Where a package of goods is forwarded by a carrier, to be paid for on delivery, the consignee is entitled to a reasonable opportunity to inspect them before he accepts them; and the carrier may afford him reasonable facilities for doing so, without making himself chargeable for the price; even if he put them into the hands of the consignee for that purpose, and receive from him the price as personal security to the carrier that the goods shall be returned, if not accepted, after a reasonable opportunity to examine them.

ASSUMPSIT against the defendants as common carriers.

On the 14th of November 1863, the plaintiffs delivered to them a parcel to be carried to Stephen W. Leighton, at Derry, which was marked " C. O. D." or " cash on delivery."

Said parcel was delivered to the defendants' agent, at said Derry, for delivery to said Leighton, who subsequently delivered the parcel to him. Leighton thereupon paid to said defendants' agent the money which was the price of the package, upon condition that the agent should hold the same until he had ascertained whether or not the coat which the package contained was what he bought.

The package was then carried from the depot to Leighton's boarding place, and by him returned to the defendants' agent, with the request that the agent would return the money and receive back the coat, which he did, and the defendants thereupon carried the same to the plaintiffs and offered to return the same to them, but they declined to receive it, and claimed that the defendants should pay them twenty-four dollars being the amount received by the defendants' agent as aforesaid.

Within said package was a letter which contained a sample of the

cloth from which the coat was to have been made. Said letter makes a part of this case and may be referred to by either party in the argument.

If it would be competent to show the following facts on the trial of this case, the same for the purposes of this case are admitted.

The said Leighton, a few days after, came to Manchester and saw one of the plaintiffs and told him the coat did not fit him, and was not made of so good cloth as they sold him, and he replied that he was sorry; that he was willing to take the coat back, and wished to sell him another, which he declined to buy.

This case is submitted to the court upon the foregoing statement of facts. Judgment to be rendered for the plaintiffs or the defendants as the court shall be of opinion upon the facts herein stated, reserving however, to either party, the right to a jury trial without prejudice from anything herein contained.

*Morrison, Stanley & Clark,* for plaintiffs.

*Parker & Johnson,* for defendants.

BELLOWS, J.   Upon the case agreed, including what the defendants offered to prove, it appears that Leighton bargained with plaintiffs for a coat made from cloth selected by him; that plaintiffs made a coat of other and different cloth and sent it to Leighton by the defendants, who were carriers, with directions to receive payment on delivery; that the coat was delivered in a package containing also a letter of advice to Leighton, stating that the coat was of other cloth than that which they sold him, for the reason that they had not enough of that kind; but that the cloth of which the coat was made was better than the other, and they enclosed a sample of the latter that he might compare them.

On the delivery of the package to Leighton he paid to the defendants the sum charged by the plaintiffs, $24.00, upon condition that they were to hold the money until he could ascertain whether or not the coat was what he bought. He then carried the package to his boarding house, and returned it to defendants' agent and requested him to pay back the money, which he did; and thereupon he carried back the coat to the plaintiffs and offered to return it to them, but they declined to receive it and demanded the $24.00.

Upon this state of facts we think the action will not lie. The package, it seems, was delivered to Leighton, that he might examine it and determine whether to accept it or not, and the money was put into the hands of the carrier's servant, only upon the condition that the consignee should find the coat to be what he bought.

It was clearly not what he had bargained for, and he was not bound to take it, even if the cloth was actually better than the other, as asserted by the plaintiffs, and under these circumstances they cannot complain that the carriers received back the package, and returned the money.

There was in fact no acceptance of the coat by Leighton, he having received it conditionally, to be returned in case it was not what he bought.

To hold, that taking it into his hands and opening the package for the purpose of inspecting it to see what it was must be regarded in law as a delivery and acceptance, would, we think, be most unreasonable; nor do we find any authority for such a decision.

On the contrary, the consignee is entitled to a reasonable opportunity to examine the packages brought to him; ascertain the quality of the goods before he determines whether to accept them or not; and a reasonable detention of them for that purpose cannot be regarded as an acceptance, 2 Parsons on Cont. 325; *Percival* v. *Blake*, 2 C. & P. 514; especially must it be so when, as in this case, the package was received expressly for the purpose of examining it.

If then, the consignee has the right so to examine the goods without being held to accept them, the carrier may surely give him facilities for making such reasonable examination, without rendering himself chargeable for the goods; and the case is not altered by his requiring the consignee to pay the amount charged, for his own security while being so examined, for this is in no sense a payment of the price.

Had the consignee kept the goods an unreasonable time, a different question would have arisen, but nothing of that kind is stated or suggested by counsel, and we are to take it that the goods were in the consignee's possession no longer than was required for a reasonable examination.

Upon the same general principles, it is held that a tender of goods does not mean an offer of packages containing them, but an offer of those packages under such circumstances that the person who is to pay for the goods shall have an opportunity afforded him, before he is called on to part with his money, of seeing that the goods so presented for his acceptance are in reality those for which he bargained. *Isherwood* v. *Whitmore & al.*, 11 M. & W. 347; S. C. 10 M. & W. 757; 2 Greenl. Ev. sec. 611 a; *Avery* v. *Stewart*, 2 Conn. 74.

With these views there must be judgment for the defendants unless the plaintiffs desire a trial by jury.