Aug. 11,
1876. }　　　　　　WILSON *v.* ELLIOTT.

ELLIOTT *v.* WILSON.

A contract made by one partner on behalf of the firm, in the business of the firm, is binding upon the firm.

FROM HILLSBOROUGH CIRCUIT COURT.

Both actions are assumpsit, and were tried together. In the first, the declaration contained the common counts for goods, wares, and merchandise sold and delivered, etc. The specification is as follows :

W. H. ELLIOTT, To T. A. WILSON & CO., DR.

| | | |
|---|---|---:|
| June 18, 1873, to 2⅔ dozen steel specs, | | $66.00 |
| July 8, " " ¼ " eye-glasses, | | 4.50 |
| Aug 2, " " rep., | | 1.50 |
| 5-12 dozen steel specs, | | 7.50 |
| ⅙ " eye-glasses, | | 3.00 |
| | | ——— $82.50 |

Plea the general issue.

In the second action, the declaration contained the general counts, and also a special count for goods bargained and sold, and alleging an offer to deliver the same to the defendants, and a refusal by them to accept the same.

Wilson & Co. introduced evidence tending to show that Elliott, in the summer of 1872, took the agency in Manchester, N. H., for the sale of their spectacles and eye-glasses. In June, 1873, one Chandler, representing Wilson & Co., called upon Elliott to see if he desired to

order any goods, and he informed Chandler that the goods previously sent him on orders were not satisfactory, and he had concluded to order no more. After assurances by Chandler that Wilson & Co. were making better goods, and that they would furnish him such goods as he might order, Elliott ordered the goods June 18, July 8, and August 2, as appears in the specification. Upon the arrival of the goods they were not satisfactory, and not such as he had ordered, and he wrote Wilson & Co. that he should not accept them, and that they were subject to their order. Soon after Chandler again called on Elliott, saw the goods, admitted they were not such as were ordered, or as he had agreed should be sent, and desired him to hold them until he returned home, when he would see that new goods were sent.

No new goods ever came, and Elliott continued to hold them subject to the order of Wilson & Co.

March 21, 1874, Bishop, one of the firm of Wilson & Co., called on Elliott at his store, and requested to see the goods, and they were then shown to and examined by him, and taken by him in the original packages and laid aside. After this had been done Elliott asked Bishop if he would take the balance of their kind of goods, referring to goods which he had received of the plaintiffs prior to June 18, 1873, to which Bishop replied that he would. These goods were then brought forward by Elliott, and examined piece by piece by Bishop, and taken by him and laid with the other goods. The amount of the last mentioned goods was figured up at the time, and the balance was as shown by the following account, which is the claim sought to be recovered in the second suit, with the addition of the express charges for return of the goods as hereinafter stated.

T. A. WILSON & CO., To WM. H. ELLIOTT, Dr.

March 21, 1874. To 2½ dozen eye-glasses and spectacles, $45.00
1⅔ " pr. lenses, 15.00
expenses charged on goods returned, 1.65
―――――
$61.65

Cr.

By Rep. 2 pr. eye-glasses, $1.50
1 " 1.50
―――――
$3.00 $58.65

Bishop then directed one Folsom, a clerk in the employ of Elliott, to do them all up in a bundle and send them by express to their house in Reading, Pa., and Elliott would get his pay.

Folsom, in the presence of Bishop, did up in one bundle both classes of goods, put a string around the bundle, and sealed it up, and the same was in the course of twenty minutes or half an hour carried to the express office in Manchester, and there left directed to Wilson & Co., as required by Bishop. A bill of the goods, a copy of which appears

above, amounting to $58.65, was left with said package, and it was marked C. O. D., and the value marked thereon at $140. On the arrival of said package at its destination, Wilson & Co. were informed, and declined to receive the same and pay said bill of $58.65, unless they were first allowed to examine the contents of said package. The express agent refused to deliver the same unless said bill of $58.65 and the express charges on the same were paid, and they remained in his hands some ten or fifteen days, when they were returned to Elliott, who paid the express charges thereon, amounting to $2.25. About July 30, 1874, a notice or demand in writing, of which the following is a copy, was handed to Elliott by Henry S. Clark, attorney for Wilson & Co.:

" To William H. Elliott, of Manchester, in the county of Hillsborough and state of New Hampshire:

" We hereby demand from you an account of the goods sold by you as our agent for the sale of Arundel Pebble spectacles, eye-glasses, etc., in Manchester, New Hampshire, also of the goods on hand of the invoice sent you for sale June 18, 1873, July 8, 1873, and August 2, 1873.

T. A. WILSON & CO.,

July 30, 1874.          By their attorney, HENRY S. CLARK."

Elliott took no further notice of said paper, and retained said package in his possession until August 14, 1874, when it was attached in the second action above named. In that action Elliott claimed to recover the sum of $60.90, as hereinbefore stated.

Wilson & Co. offered evidence tending to show that said Clark made a personal and verbal demand upon Elliott to account for said goods, in addition to the demand in writing, which Elliott objected to, and the court excluded it, subject to exceptions by Wilson & Co.

Wilson & Co. then rested their case, when Elliott moved for a nonsuit in the first action, which the court ordered, and the plaintiffs, Wilson & Co., excepted.

The item, under date of August 2, for repairs, $1.50, in the specification in the first suit, is the same as the amount credited to Wilson & Co. by Elliott in the second suit above mentioned.

In said second suit, Wilson & Co., upon the foregoing facts, moved for a nonsuit, which the court denied, and they excepted. No other evidence being offered, the court then directed a verdict for the plaintiff Elliott for the amount of his claim, which Wilson & Co. moved to set aside and for a new trial by reason of supposed error in said rulings.

The questions arising on the foregoing case were transferred to this court for determination by STANLEY, J., C. C.

*H. S. Clark* and *A. W. Sawyer*, for Wilson & Co.

*Hunt* and *Bell*, for Elliott.

LADD, J.  By the express terms of the contract made by Bishop on behalf of his firm, Elliott was to do nothing but forward the goods by express to their house in Reading, Pa. ; and upon doing that he was to receive pay for them at the price already settled and agreed upon.  It is said the defendants had a right to examine the goods after their arrival at Reading before paying the bill, and that by marking it " C. O. D." the plaintiff placed a condition upon the delivery which he had no right to impose.  What ground is there for such a claim as that ?  The defendants had already examined the goods once carefully, piece by piece, at Manchester : what occasion or what right had they to go through the same ceremony again ?  Everything respecting the property was settled by Bishop at Manchester, even to the mode in which it should be forwarded to Reading.  Suppose the defendants had been allowed to open the package and examine the goods before paying the sum they had already agreed to pay upon their arrival : what was there in the contract, by which they had already bound themselves to pay the sum of $58.65, to be revised or altered ?  Their contract was, in legal effect, to pay upon the arrival of the goods, and marking the bill " C. O. D." was no more than a proper and justifiable measure on the part of the plaintiff to secure the performance of this contract by the defendants.

I think the court was right in both cases ; and I place my judgment on the ground that the rulings and orders to which exception was taken had no other or greater effect than to carry out and enforce the contract which the parties had made for themselves, according to their obvious understanding and intent.

CUSHING, C. J.  It appears from the case that the package of goods sent by express was made up under the eye of the partner Bishop, and Bishop also directed Folsom to do up the bundle and send it by express to the house of Wilson & Co., Reading, Pa., and that the bundle was done up and sealed up in the presence of Bishop.  It appears, also, that at that time the account was stated, and the balance to be paid agreed upon.  Bishop, on behalf of his firm, had accepted the settlement, and had agreed that the cash should be paid on delivery of the goods.  Under this agreement Elliott was not obliged to deliver the goods without payment.  If he had carried the goods himself to Wilson & Co. he might have held them until he was paid, and he might equally well hold them by the express company.  The charge for repairing eye-glasses, having been included in this settlement, could not be brought forward in the other suit.  The goods having been sent by the order of Bishop, *i. e.*, of Wilson & Co., it would seem to be a matter of course that they should pay the expressage ; and Elliott, having been obliged to pay it by reason of their refusal, had a right to recover it in his suit.

The fact of the settlement having been found in the case, the evidence of a demand to account, either in writing or verbal, was of no consequence.

SMITH, J. When Bishop, one of the firm of Wilson & Co., received from Elliott, March 21, 1874, the goods for which they seek to recover, Elliott could then no longer be regarded as their factor or agent, if he was such before. The goods were left with Elliott for the sole purpuse of being forwarded to the plaintiffs at Reading ; and this he undertook to do according to the directions of Bishop, although they declined to receive them ;—the goods, nevertheless, remained the property of the plaintiffs, subject to the attachment afterwards made by Elliott. They would probably be entitled to recover for the item of repairs, $1.50, if the same had not been adjusted by being credited with the assent of Bishop on the bill for the other goods returned the same day.

As to the goods which are the subject-matter of the suit of *Elliott v. Wilson & Co.*, Elliott never sustained the relation of factor to them. Bishop agreed to receive them back, and did receive them back on the same day, and the amount to be paid therefor was ascertained and agreed upon. Both lots of goods were sealed up in his presence, and by his directions forwarded to Reading, with the further agreement that the amount which had been found due would then be paid. Wilson & Co. attempt to excuse themselves for not receiving the goods, upon the ground that they were not permitted by the express carrier to examine the contents of the bundle before being required to pay for the same. Ordinarily, a consignee will be entitled to a reasonable opportunity to examine the packages brought to him to ascertain whether the goods answer the description of those ordered by him. *Lyons v. Hill*, 46 N. H. 49. But there was no occasion in this case for that, because, the goods having been put up and sealed in the presence of Bishop, and forwarded to his firm by his directions, they had through him knowledge of the contents of the package. 

*Exceptions overruled.*