J. H. SLOAN v. CAROLINA CENTRAL RAILROAD COMPANY.

(Decided May 1, 1900.)

*Demurrer—Bill of Lading—Right of Consignee to Inspect—*
*Request "to Notify" Treasurer of Purchaser, Same*
*Right Implied—Charge for Demurrage, or Storage—*
*Joinder of Separate Causes of Action—Jurisdiction—*
*Admission by Demurrer.*

1. A common carrier has the right to permit a consignee to inspect the
   article before delivery, and where the bill of lading therefor says,
   "to order, notify S. B. Tanner, treasurer," (who was the treasurer
   of purchasing mill), he also may be permitted to inspect.
2. Where the complaint, in addition to claim for damages for alleged
   wrongful allowance of inspection, joins a further claim for wrong-
   ful charge for demurrage paid under protest amounting to $99,
   the latter claim is admitted by a demurrer applicable to the first
   cause of action only.
3. An answer should have been filed to the second cause of action, and
   may still be by permission of the Court, when the case goes back.
4. It makes no difference, that by sustaining the demurrer as to damages
   alleged for wrongful inspection of the cotton, the other damages
   alleged are reduced below $200.
5. It is the sum demanded in good faith which confers jurisdiction, even
   though each of the several distinct causes of action are below $200.

CIVIL ACTION for damages upon two alleged causes of
action, (1) claim for damages for alleged wrongful allowance
of inspection of a lot of cotton; (1) for wrongful claim of
demurrage, amounting to $99, paid under protest, tried before

*Allen, J.,* at March Term, 1900, of the Superior Court of MECKLENBURG County.

There was a demurrer filed applicable to the first cause of action. The demurrer was sustained and the cause dismissed. Plaintiff excepted, and appealed.

*Messrs. Osborne, Maxwell & Keerans,* for appellant.
*Messrs. Burwell, Walker & Cansler,* for appellee.

CLARK, J. The complaint avers that one Warlick had a contract with the Henrietta Cotton Mills for the purchase of cotton, under which he bought a lot of cotton; that he took a bill of lading therefor, "to order, notify S. B. Tanner, treasurer," (who was treasurer of the Henrietta Mills); that he drew a draft on said Tanner, treasurer, for the price of the cotton, which he endorsed with the bill of lading attached, for value, to the plaintiff. It is further alleged that the defendant company wrongfully and carelessly permitted the Henrietta Mills to examine the cotton without production of the bill of lading, in consequence whereof the said Henrietta Mills refused to accept the cotton and pay the draft as they otherwise would have done, and also that, for many days after the said mills refused to accept the cotton, the defendant carelessly and negligently retained part of the cotton unloaded, in the cars, without notifying the plaintiff, and wrongfully required the plaintiff to pay $99 demurrage therefor, which he paid under protest, and alleges that by reason of the above negligence and wrongful acts he has sustained altogether $842.30 damages.

The defendant demurs, in substance, because it was not a wrongful act to permit the Henrietta Mills to examine the cotton, and that, if it were, it does not sufficiently appear from the complaint how any legal or actionable injury was done

to the plaintiff, and that it does not sufficiently appear from the complaint how the requirement of payment of demurrage was wrongful. The Court below sustained the demurrer and dismissed the action.

The plaintiff does not contend that if the cotton had been consigned to the Henrietta Mills it would have been wrongful to have permitted it to examine the cotton, but says that the bill of lading being "to order, notify S. B. Tanner, treasurer," was notice that the plaintiff retained ownership till the production of the bill of lading by said Tanner, treasurer of the Henrietta Mills. This point might be well taken if the action were for wrongful delivery to the cotton mills without the production of the bill of lading endorsed to the mills or its treasurer, but the request to "notify" certainly conferred upon the cotton mills as full right to inspect the cotton as if it had been the consignee. No injury to the cotton from the inspection is averred. Construing the complaint liberally, as is now required (Code, sec. 260), it means, if it legally means anything, that by reason of permitting the Henrietta Mills and its agents to inspect the cotton they were made dissatisfied and refused payment, whereas if they had been compelled to "buy a pig in a poke" the cotton would have been accepted and the draft paid. If the cotton was wrongfully rejected, the plaintiff's cause of action is against the Henrietta Mills, for, as assignee of Warlick, he stood in Warlick's shoes. If it was rightfully rejected, it can not be contended that there was a cause of action, for even if the Henrietta Mills had taken the cotton without opportunity of inspection, it could have immediately recovered back from the plaintiff, assignee of the bill of lading, for any deficiency in the quality or weight of the cotton, or otherwise. *Finch v. Gregg,* at this term.

The allegation as to the detention of the cotton in cars at

place of destination without notice to the plaintiff, and wrongfully compelling him to pay $99 for demurrage which was paid under protest, is admitted by the demurrer. It may be denied by an answer and a different state of facts may be found on the trial, but it was error to sustain the demurrer in that regard.

There was no demurrer for misjoinder of causes of action, and there was no ground therefor, for both matters of complaint (even if treated as separate causes of action) were transactions "connected with the same subject of action." Clark's Code (3d Ed.), 267 (1); *Hamlin v. Tucker,* 72 N. C., 502; *Cooke v. Smith,* 119 N. C., 350; *Benton v. Collins,* 118 N. C., 196, and other cases there cited. Nor does it make any difference that by sustaining the demurrer as to damages alleged for wrongful inspection of the cotton, the other damages alleged are reduced below $200. It is the "sum demanded in good faith" which confers jurisdiction, even though each of the several distinct causes of action are under $200. *Burrell v. Hughes,* 116 N. C., 430; *Martin v. Goode,* 111 N. C., 288; *Maggett v. Roberts,* 108 N. C., 174; *Moore v. Nowell,* 94 N. C., 265; *Carter v. Railroad,* at this term.

Under the former system of practice, a party might be turned out of equity and told to bring his action at law, or be dismissed by one door of the court room because he had sued in debt or covenant, when he might come back through another door with an action of trespass on the case, or replevin or detinue. But now, these refinements have been abolished because not conducive to the administration of justice; and if a party gets into court legally, he will not be turned out to come into court some other way. It would put additional costs on the plaintiff and be additional trouble to both plaintiff and defendant, with no benefit to either.

Except when the coming into the Superior Court is a fraud upon the jurisdiction, the jurisdiction in that court will not be ousted by the failure of a plaintiff to sustain part of his causes of action. The present law is thus stated in *Martin v. Goode, supra:* "Should the sum demanded be reduced under $200, by failure of proof, or by sustaining a demurrer to any part thereof, or to some of the causes of action, the jurisdiction would not thereby be ousted, except when the sum demanded is so palpably in bad faith as to amount to a fraud on the jurisdiction." The case of *Howard v. Insurance Company,* 125 N. C., 49, does not overrule this settled practice. The head-note is: "The Superior Court has no original jurisdiction when in no event the plaintiff can recover as much as $200." There was, it is true, also a prayer for an injunction, but the Court dismissed that, because on the face of the complaint the courts of this State had no jurisdiction of the subject-matter, and as to the injunction the action was, as it were, *coram non judice.* When the case goes back the defendant will have the right to answer over. Code, sec. 272.

Error.