Southern Express Co. *v.* Grace.

[68 South. 172.]

Carriers. *Carriage of goods. Collection of price. Inspection.*
  The consignee is entitled to reasonable opportunity to inspect
  goods forwarded by a carrier, to be paid for on delivery, before
  he accepts them, and the carrier may offer him such opportunity
  without becoming chargeable for the price.

Appeal from the circuit court of Lauderdale county.
Hon. J. L. Buckley, Judge.

Suit by Mrs. M. A. Grace against the Southern Express Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Baskin & Wilbourn,* for appellant.

We submit that instead of a peremptory instruction having been given in behalf of appellee, directing a verdict and judgment in her behalf, the peremptory instruction asked by the appellant should have been given.

We call the attention of the court to the following authorities: 2 Hutchinson on Carriers, section 733. "Consignee is entitled to an opportunity to inspect the goods, and this opportunity the carrier is bound to afford him, even though he may have instructions not to deliver them until they are paid for. A carrier may even permit the consignee, upon depositing with him the charges upon the goods, to take them away, with the understanding that in case they do not answer to the quality of the goods ordered by him, he may return them and take back his money.

This was a case where the consignee had ordered a coat of a certain description, and paid the price to the carrier, upon condition that if upon examination it

should prove, unsatisfactory, he might return it, and he delivered back his money. In an action against the carrier by the consignor it was held that the carrier had done only what by law' he was required to do in giving the consignee an opportunity to examine the coat, and said carrier was not liable.''

We also call the court's attention to the case of *Lyons & Co.* v. *Hill & Co.*, 46 N. H. 49: ''Consignee is entitled to reasonable opportunity to inspect goods forwarded by a carrier to be paid for on delivery, before he accepts them the carrier may offer him such opportunity without becoming chargeable for the price.''

If the consignee has this right to examine the goods, without being held to accept them, the carrier may surely give him facilities for making such reasonable examination without rendering itself chargeable for the goods, and the case is not altered by his requiring the consignee to pay the amount charged for his own security while being so examined, for this is in no sense a payment of the price.

Upon the same general principle it is held that a tender of goods does not mean an offer of packages containing them, but an offer of these packages, under such circumstances that the person who is to pay for the goods shall have an opportunity offered him, before he is called upon to part with his money, of seeing that the goods so presented for his acceptance, are in reality those for which he bargained. See *Percival* v. *Blake*, 2 Car & P. 514; *Aaron* v. *Adams Ex. Co.*, 27 Ohio (L. J.) 183; *Herrick* v. *Gallagher*, 60 Barb. 566; *Sloan* v. *Carolina Cent. R. R. Co.*, 36 S. E. 21.

*S. M. Houston*, for appellee.

Counsel for appellant quotes at length from 2 Hutchinson on Carriers, section 733; in our opinion that section is not applicable to a case like this; that section applies to a case where a shipper forwards a

package C. O. D. with instructions not to deliver till the C. O. D. money be first paid, and relates to the law generally as to whether an inspection is to be allowed in the absence of specific instructions. That section simply provides that the law generally is that inspection is allowed. But in this case, the one at bar, the shipper gave specific instructions not to allow the package to be opened, nor the package to be removed from the physical possession of the carrier till the C. O. D. money be first paid. Hence, this case is governed by section 727 of 2 Hutchinson on Carriers which provides as follows: 3 Ed., sec. 727. Same Subject.—Must conform to instructions—wrongful delivery ratified. "However this may be, when the goods are so received the carrier is held to a strict compliance with such instructions, and if the goods are delivered without an exaction from the consignee of the amount which the carrier is instructed to collect, he becomes liable to the consignor for it. Delivery made under such circumstances, without requiring such payment, has been said to be as much a conversion, though to the right person, as if it had been made to the wrong person. It is the surrender by the carrier of a security for the debt not only without authority, but contrary to the instructions of the consignor and his own contract. The wrong delivery may, however, be ratified by the consignor and if ratified the carrier will be released."

In other words, had Mrs. Grace, the shipper, failed to give any special instructions, had she simply instructed the company to collect the money, then make delivery, perhaps section 733 of Second Volume of Hutchinson on Carriers would apply; but in the case where Mrs. Grace, the shipper, did give positive instructions in advance, and the carrier accepted the shipment under those specific instructions, then section 727 of the Second Volume of Hutchinson on Carriers applies, and the carrier should have obeyed the instructions given, else return the package intact.

It will be needless to cite authorities to the point, it occurs to us, that a shipper may give the carrier specific instructions; and where the carrier accepts the shipment with such instructions, it must respect the instructions given, else hold the shipment intact, else become liable to the shipper.

COOK, J., delivered the opinion of the court.

Mrs. Grace recovered a judgment against the Southern Express Company for the value of four dresses which she had made and shipped to the party for whom they were made. These goods were delivered to the driver of the express company's wagon, with the injunction that the express company must not deliver to the consignee unless fifty-eight dollars was paid to the express company before delivery. The express company's agent at Meridian, the place of shipment, marked the package C. O. D., meaning collect on delivery. When the package reached the point of destination, Boligee, Ala., the express agent there permitted the consignee to take the goods out of the office for the purpose of examining them before paying the charges. The consignee accepted one of the dresses, valued at eleven dollars, and redelivered the others to the express agent with directions that he return them to Mrs. Grace. The dresses were sent back to Meridian and there tendered to Mrs. Grace, together with eleven dollars, the value of the dress retained by the consignee. Mrs. Grace refused to accept the dresses or the money, and brought this suit for the value of the entire shipment, with the result above stated.

It is contended here that, when the express company delivered the goods to the consignee in violation of the instructions given by the consignor when the goods were delivered to the company at Meridian, it amounted to a conversion, and the company thereupon became liable to the consignor for the value of the goods, cit-

ing Hutchinson on Carriers (3d Ed.), section 727. The text of the authority cited seems to support the theory of appellee, but an examination of the cases cited by the author in support of the text will disclose that they do not so decide.

It is probable that the author had in mind cases wherein the consignor lost the value of the thing delivered by reason of the violation of instructions. The case cited by the author is *Knapp Co.* v. *Express Co.,* 55 N. H. 354. That was a case where the express company delivered a promissory note to the maker without first collecting the money due. At the time of the delivery of the note the maker was solvent, but afterwards became insolvent, and the consignor lost his money. The court held the failure to obey instructions was negligence, and the consignor could recover as damages the aggregate of the note and interest. The true rule is announced in another New Hampshire case, *Lyons & Co.* v. *Hill & Co.,* reported in 46 N. H. 49, 88 Am. Dec. 189, and also cited in Hutchinson on Carriers, section 733.

The ''consignee is entitled to reasonable opportunity to inspect goods forwarded by a carrier, to be paid for on delivery, before he accepts them, and the carrier may offer him such opportunity without becoming chargeable for the price.''

In that case, as in this case, the goods were taken out, examined and returned to the carrier, and the carrier offered to return the goods to the consignor, who refused to receive them. In the present case the plaintiff lost nothing by defendant's violation of instructions. If the consignee had kept the dresses, we would have an entirely different case. We think the court below erred in permitting the case to go to the jury.

*Reversed, and judgment here for appellant.*