J. B. KILLINGSWORTH v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 23 February, 1916.)

**Carriers of Goods—Bills of Lading—Delivery Upon "Order, Notify"—Evidence —Nonsuit—Trials.**

> In an action against a railroad company to recover damages for its alleged wrongful failure to deliver a shipment of goods when it appeared from the bill of lading that the goods were to be delivered only upon the order of a certain bank, it is the duty of the plaintiff, having paid the draft to which the bill of lading was attached, to have the latter properly indorsed, or obtain the proper order for the delivery of the goods, and when he has failed to do so a judgment as of nonsuit upon the evidence should be allowed.

APPEAL by defendant from *Cooke, J.,* at October Term, 1915, of BEAUFORT.

Civil action, tried upon these issues:

1. Did the defendant wrongfully refuse to deliver to the plaintiff the shipment of wire fencing referred to in the complaint?　Answer: "Yes."

2. If so, what damages, if any, did the plaintiff sustain thereby? Answer: "$200."

From the judgment rendered, defendant appealed.

*Harry McCullan, John G. Tooly for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

BROWN, J.　The admitted facts are that a shipment of wire fencing was made by the Chicago House Wrecking Company from Chicago, consigned to Chicago House Wrecking Company, Pinetown, N. C., notify J. B. Killingsworth.　The bill of lading bore the following indorsement: "Deliver the goods specified on this bill of lading only on order of Savings and Trust Company, Washington, N. C."　The shipment arrived in Pinetown and the plaintiff was promptly notified of its arrival. The plaintiff testified that he went to the First National Bank, paid the draft, and obtained the bill of lading.　The defendant's evidence showed that the original bill of lading was never presented, but a copy only. Plaintiff admitted that he never called at the Savings and Trust Company for their indorsement, as required by the bill of lading, and the bill of lading was not so indorsed, nor did plaintiff have any order from the Savings and Trust Company for the delivery of the goods.

The motion to nonsuit should have been sustained.　It was the plaintiff's duty, and not the defendant's, to procure the indorsement of the trust company, or else to write to the consignor and get authority for the delivery of the goods to him.　It is well settled that a bill of lading must be properly indorsed before the carrier is justified in making

delivery. The authorities are numerous and all in accord. *R. R. v. Bank,* 73 S. E., 637; *Stone v. Swift,* 16 Anno. Dec., 349; *Douglass v. Bank,* 9 Am. St. Rep., 276; 1 Hutch. on Carriers, sec. 177.

Michie on Carriers, sec. 530, says: "A carrier of property which by the terms of the bill of lading is deliverable to the shipper's order is liable for its value to the true owner if he delivers the property to the consignee or any one else without such order." Moore on Carriers, p. 162 (1 Ed.), and cases cited in notes.

The fact that the defendant was instructed to notify plaintiff of arrival of the goods gave him no right to require a delivery without the production and surrender of the bill of lading properly indorsed. On this subject 4 Ruling Case Law, 842, sec. 294, says: "The fact that a bill of lading contains a direction to notify a certain person of the arrival of the goods is no indication that he has any interest in them, for, as is well known, the practice of 'notifying' a person of the arrival of goods is generally resorted to by the vendor, who, while consigning goods to himself or to his own order, wishes at the same time to have the vendee notified of the arrival so that he may be afforded an opportunity of receiving them on payment of the draft drawn on him and the delivery of the bill of lading thereto attached. Therefore, in such a case, the carrier has no authority to make a delivery to the person so to be notified without the production of the bill of lading properly indorsed, or without being otherwise ordered by the shipper so to do; and if he does make such a delivery, he becomes liable for the full value of the shipment." The text is supported by the authorities cited in Note 5.

The motion to nonsuit is allowed.

Reversed.