## 9721.  SOUTHERN RAILWAY COMPANY et al v. MASSEE & FELTON LUMBER COMPANY.

BROYLES, P. J.  1.  The petition as amended showed an action ex contratu against the defendant railway company for its failure to deliver at Toccoa, Georgia, property which had been delivered to it at Macon, Georgia, for shipment; and the courts of Bibb county had jurisdiction of the suit.  Central Railroad Co. v. Brunson, 63 Ga. 505; Albany & Northern Ry Co. v. Merchants &c. Bank, 137 Ga. 391 (73 S. E. 637); Friedman v. Seaboard Aid Line Ry., 124 Ga. 472 (52 S. E. 763); Wright v. Southern Ry. Co., 7 Ga. App. 542 (67 S. E. 272).

2. The petition as amended was not subject to any ground of the demurrer interposed.

3. A bill-of-lading stipulation requiring the surrender of the original order bill of lading, properly endorsed, before the delivery of the shipment, does

not operate solely for the protection of the carrier. This provision is likewise for the protection of the shipper, and prohibits the carrier from delivering the property until the bill of lading is properly endorsed. First National Bank *v.* Oregon-Washington R. &c. Co., 25 Idaho, 58 136 Pac. 798); Judson *v.* Minneapolis &c. R. Co., 131 Minn. 5 (154 N. W. 504).

4. Where an "order-notify" bill of lading contains a provision requiring the surrender of the original order bill of lading, *properly endorsed,* and the shipper, by mistake, sends the original bill of lading (instead of the memorandum bill of lading) direct to the "order-notify" party, but sends it *unendorsed,* the carrier is not thereby relieved from requiring such endorsement before delivering the shipment to the "order-notify" party; and where, under such circumstances, the carrier so delivers the property, without requiring such endorsement, and the "order-notify" party obtains the shipment, and subsequently becomes insolvent, without having paid the purchase-price of the property, the principle of law that where one of two innocent persons must suffer for the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss, is not applicable. The antecedent error of the shipper in sending the original bill of lading to the "order-notify" party did not put it in the power of that party to inflict the injury, as its possession of the *unendorsed* bill of lading did not vest it with any apparent right to the property. The loss resulted from the negligence of the carrier in failing to require proper endorsement of the bill of lading. Weyand *v.* Atchison &c. Fé Ry. So., 75 Iowa, 573 (39 N. W. 899, 1 L. R. A. 650, 9 Am. St. R. 504).

5. The Massee & Felton Lumber Company at Macon, Ga., delivered to the defendant railway company a car of lumber consigned to the order of the shipper at Toccoa, Georgia, with instruction to notify the Georgia Furniture Company, at the latter place. An "order-notify" bill of lading was executed in triplicate and signed by both the shipper and the railway company, and contained the following provision: "The surrender of this original order bill of lading properly endorsed shall be required before the delivery of the property." The three copies of the bill of lading were practically the same, with the exception that one was headed "Order Bill of Lading—Original," another was headed "Memorandum Bill of Lading," and the third was headed "Shipping Order." The original and memorandum bills of lading were delivered by the railway company to the shipper, and the shipping order was retained by the railway company. Through an error of a clerk in the office of the lumber company, the original bill of lading, *unendorsed,* was mailed directly to the Georgia Furniture Company at Toccoa (the "notify party" in the bill of lading), and the memorandum bill of lading, endorsed on its back by the lumber company, was attached to a draft by that company on the furniture company, for the purchase-price of the car of lumber, and the draft with the memorandum bill of lading, so endorsed, was deposited by the lumber company in a bank at Macon, Georgia, and transmitted by that bank to a bank at Toccoa, Georgia, the residence of the furniture company. The defendant railway com-

pany had no actual knowledge of the drawing or forwarding of this draft. The Georgia Furniture Company, on receiving the original bill of lading, carried it to the agent of the Southern Railway Company at Toccoa; and on demand of the furniture company upon the agent and the presentation and surrender of the original bill of lading, unendorsed, the lumber was delivered by the railway company to the furniture company. The furniture company was put in bankruptcy after the delivery of the lumber to it by the railway company. The draft attached to the memorandum bill of lading was never paid, and, together with this memorandum bill of lading, was returned to the lumber company, which has never been paid anything by the Georgia Furniture Company for the lumber. *Held,* that the railway company, in delivering the lumber to the furniture company, upon its presentation of the original bill of lading, *unendorsed,* breached its contract with the shipper and became liable to it in damages for the value of the lumber. *American National Bank* v. *Lee,* 124 *Ga.* 863 (53 S. E. 268); *Southern Railway Co.* v. *Strozier,* 10 *Ga. App.* 157 (73 S. E. 42); *Weyand v.* Atchison &c. Ry. Co., supra; *Douglas* v. *People's Bank,* 86 Ky. 176 (5 S. W. 420, 9 Am. St. R. 276) *Killingsworth* v. Norfolk & Southern R. Co., 171 N. C. 47 (87 S. E. 947); First National Bank v. Oregon-Washington R. &c. Co., supra; *Judson* v. Minneapolis &c. R. Co., supra; Arkansas Southern Ry. Co. v. German National Bank, 77 Ark. 482 (92 S. W. 522, 4 L. R. A. (N. S.) 649, 113 Am. St. R. 180).

6. Under the foregoing rulings, the court did not err in overruling the certiorari. *Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

                DECIDED JANUARY 23, 1919.

Certiorari; from Bibb superior court—Judge Mathews. April 12, 1918.

*Harris, Harris & Witman, Mallary & Wimberly, J. M. Papper,* for plaintiffs in error.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.