## REED OIL COMPANY *v.* SMITH.

1. The allegations of the plaintiff's petition set forth a cause of action, which was sufficient to withstand a general demurrer; and there was no merit in any of the special grounds of demurrer which had been overruled by the trial court.
2. The overruling of a motion to direct a verdict, without argument, is not error, in the absence of a request by counsel for movant to be heard on such motion; and where the motion was properly overruled, doing so without argument is not ground for new trial, as the refusal to direct a verdict is never reversible error.
3. Where goods are forwarded to be paid for on delivery, the consignee is ordinarily entitled to a reasonable opportunity to inspect the goods to ascertain whether they answer the description ordered by him.
4. This right of inspection exists in case of interstate shipments, and has not been abrogated by the act of Congress to regulate interstate commerce.
5. The trial judge erred in instructing the jury that where the owner of goods shipped them, taking a bill of lading in which he was named as shipper and consignee, with instructions to notify the purchaser of such goods, and drawing upon such purchaser a draft for the purchase-price of the goods, such purchaser did not have the right to take possession of the car in which the goods were shipped *for any* purpose, without having first paid the draft, or without having obtained permission from the shipper; as the same was too broad and tended to confuse and mislead the jury.
6. The trial judge erred in refusing a timely written request to charge, " that if Hyde had the right to take a sample of the fluid supposed to be gasoline from the tank-car, as set forth in plaintiff's amendment, then he was not a trespasser, and negligence cannot be inferred from that fact."
7. The Court of Appeals erred in not reversing the judgment of the trial court.

No. 2930. SEPTEMBER 16, 1922.

Certiorari; from Court of Appeals. *27 Ga. App.* 470.

*Neufville & Neufville* and *J. K. Jordan,* for plaintiff in error.

*Hewlett & Dennis* and *Virlyn B. Moore,* contra.

HINES, J.  For a statement of the pleadings and the evidence in this case reference is made to the cases of *Smith* v. *Payne,* 26 *Ga. App.* 685 (107 S. E. 70), and *Reed Oil Co.* v. *Smith, 27 Ga. App.* 470 (109 S. E. 171). The statement of the facts in the latter case, to review which this certiorari is sued out, is substantially correct, and, taken in connection with what is hereinafter stated, gives a correct statement of the facts.

1.   The first question for our determination is, whether the Court of Appeals erred in its ruling that " That allegations of

the petition clearly, fully, and distinctly set forth a cause of action against the Reed Oil Company, either severally or jointly with the other two defendants, and were entirely sufficient to withstand a general demurrer, and there was no merit in any of the special demurrers of that company." We have carefully examined the allegations of the petition, and the grounds of the general and special demurrers; and we do not think that the Court of Appeals erred in the ruling set out above.

In its application for certiorari under the heading of "Grounds of Error," it is stated that it would appear from the opinion of the Court of Appeals that all demurrers, both general and special, were overruled. This does not appear therefrom. The statement of facts, preceding the opinion of the Court of Appeals, contains an allegation from which it might be inferred that all demurrers, both general and special, were overruled, while in point of fact the court sustained some of the grounds of special demurrer and overruled other grounds thereof. This slight inaccuracy, if it was one, in no way affected the opinion of the court, in which it held that the petition set forth a cause of action, and that there was no merit in any of the special grounds of demurrer which the court overruled.

It is further urged by counsel for applicant that an amendment offered by the plaintiff to its petition eliminated the allegations of negligence on the part of this defendant. The judgment of the trial court overruling the general demurrer, sustaining certain of the grounds of the special demurrer, and overruling the remainder of the grounds of the special demurrer, was rendered on March 1, 1920. The amendment to the plaintiff's petition, by which counsel for this company claims that the allegations of its negligence were eliminated, was made on June 8, 1920, at the time of the trial, and long after the demurrers had been overruled by the court. There was no renewal of the demurrers to the petition as amended; and in determining whether the trial court did right in overruling them, we must look to the state of the record at the time this ruling was made. If the change in the allegations of the petition by amendment subjected it to demurrer, the demurrer should have been renewed to the petition as amended. This was not done; and the judgment upon the demurrers must be weighed by the allegations of the petition as they stood at the time the demurrers were acted on by the trial court.

2. It is next urged that the Court of Appeals erred in the ruling made by it in the second division of its opinion. This ruling deals with the refusal of the trial court to permit counsel for this defendant to make a motion for' the direction of a verdict in its behalf. At the conclusion of the evidence the trial judge said: " Proceed with the argument for the plaintiff." Counsel for this defendant said: " I have a motion, your honor." The trial judge replied: " I will overrule it." The nature of the motion, which counsel for this defendant wished to make, does not appear from the colloquy between the court and counsel. By intuition the trial judge seemed to anticipate that counsel for this defendant wished to make a motion for the direction of a verdict in behalf of his client. But the point raised in this ground of the motion for new trial is that counsel for the Oil Company desired to make a motion for the direction of a verdict, and that he had a right to be heard on this' motion, of which right he was deprived by the court overruling the motion without an opportunity being given counsel to be heard thereon. If the court had heard the argument by counsel upon the motion to direct a verdict, and had then refused such motion, even though such motion could have been properly granted, in no event could the judgment be reversed for the court's refusal to direct such verdict. *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32) ; *Easterling* v. *Cowart,* 149 *Ga.* 161 (2) (99 S. E. 301). .

As we think the court properly refused to direct a verdict in this case, the overruling of a motion for this purpose without argument, if erroneous, was harmless, and will not require the grant of a new trial. *Commercial Union Assurance Co.* v. *Lumber Co.,* 130 *Ga.* 191 (4) (60 S. E. 554).

It does not appear that counsel for defendant made any request to the court to be permitted to state his motion or to be heard thereon; and in the absence of such request a new trial will not be granted. *Wilson* v. *State,* 69 *Ga.* 227. 'Where the decision reached by the court is correct, any error of the court in hampering or cutting off the right of argument on an incidental matter was harmless, and is no cause for new trial. *Early* v. *Oliver,* 63 *Ga.* 11. So the Court of Appeals did not err in the ruling embraced in the second division of its opinion.

3. The Court of Appeals made this ruling: " The charge of

the court in effect that the defendant oil company was not authorized to take possession of the car in question for any purpose without first having paid the draft or without having obtained the permission of the shipper, the shipment being what is ordinarily called an 'order-notify' shipment, was correct. *Southern Ry. Co.* v. *Hodgson Brothers Co.,* 148 *Ga.* 851 (98 S. E. 541) ; *Southern Ry. Co.* v. *Massee & Felton Lumber Co.,* 23 *Ga. App.* 309 (98 S. E. 106) ; *Merchants & Miners Transportation Co.* v. *Moore,* 124 *Ga.* 482 (52 S. E. 802)." The applicant for certiorari complains that this ruling is incorrect under the facts of this case; and that it is not sustained in its entirety by the authorities cited therein. The charge of the trial court, which was complained of by the defendant in its motion for new trial, was, in part, as follows : "That sort of shipment is called ordinarily an 'order-notify' shipment, and under it the Reed Oil Company did not have the right to take possession of this car for any purpose without first having paid the draft, or without having obtained permission from the shipper. Under the law covering such shipments the Reed Oil Company would not have had such right." We think this charge was too broad, and was calculated to confuse and mislead the jury. The cases cited by the Court of Appeals are authority for the proposition that "where an owner of goods delivers them to a railroad company to be shipped to a designated point, and a bill of lading is issued to the owner, in which he is named as both shipper and consignee, and which contains a direction to notify a third person, it is the duty of the railroad company, unless otherwise instructed by the owner or by some holder of the bill of lading properly indorsed, after transporting the goods to the place of destination, to make delivery thereof to the holder of the bill of lading," and under such circumstances the carrier would not be authorized to make delivery to the person so to be notified, to whom the bill of lading has not been assigned, and such delivery would amount to a conversion of the goods. But these cases are not authority for the proposition that the person to be so notified, and on whom the shipper drew a bill of lading, with draft attached, for the purchase of the goods shipped, would have no right to inspect the goods shipped before paying such draft and taking up the bill of lading. When goods are forwarded by an express company, to be paid for on delivery, the consignee is ordinarily en-

titled to a reasonable opportunity to examine the goods, to ascertain whether they answer the description ordered by him. 10 C. J. 279, § 399; Southern Express Co. v. Grace, 109 Miss. 268 (68 So. 172); Wilson v. Elliott, 57 N. H. 316; Lyons v. Hill, 46 N. H. 49 (88 Am. D. 189); Herrick v. Gallaher, 60 Barb. (N. Y.) 566.

The consignee has the right to examine the goods before delivery. *Erwin* v. *Harris,* 87 *Ga.* 333 (13 S. E. 513); Bradstreet v. Heran, 3 Fed. Cas. 1181, No. 1792, Abb. Adm. 209, affirmed 3 Fed. Cas. 1183, No. 1792a, 2 Blatchf. 116; Dibble v. Morgan, 7 Fed. Cases, 648, No. 3881, 1 Woods, 406; The Mary Washington, 16 Fed. Cas. 1006, No. 9229, 1 Abb. 1, Chase, 125; Skinner v. Chicago etc. R. Co., 12 Iowa, 191; Burkenroad Goldsmith Co: v. Ill. Cen. R. Co., 138 La. 81 (70 So. 44, Ann. Cas. 1917C, 935); Christian v. First Div. St. Paul etc. R. Co., 20 Minn. 21; Earnest v. Del. etc. R. Co., 149 (N. Y.) App. Div. 330 (134 N. Y. Supp. 323); Clark v. Masters, 14 N. Y. Super. 177; Brand v. Weir, 27 Misc. 212 (57 N. Y. Supp. 731); Sloan v. Carolina Cen. R. Co., 126 N. C. 487 (36 S. E. 21); 106 C. J. 253, § 2; Charles v. Carter, 96 Tenn. 607 (36 S. W. 396); Plumb v. Bridge, 128 App. Div. 651 (113 N. Y. Supp. 92).

This doctrine applies to interstate shipments, there being nothing in the Carmack amendment which restricts this right. Earnest v. Delaware etc. R. Co., supra. Nor has this right of the consignee, or the person to be notified under the bill of lading, been abrogated by the act of Congress to regulate interstate commerce. That act makes it unlawful for any common carrier, subject to its provisions, " or any officer, agent, employee of such common carrier, or for any other person or corporation lawfully authorized by such common carrier to receive information therefrom, knowingly to disclose to, or permit to be acquired by, any person or corporation other than the shipper or consignee, without the consent of such shipper or consignee, any information concerning the nature, kind, quantity, destination, consignee, or routing of any property tendered or delivered to such common carrier for interstate transportation, which information may be used to the detriment or prejudice of such shipper or consignee, or which may improperly disclose his business transactions to a competitor." 8 U. S. Comp. Stat. 1916, § 8583, par. 6. By its terms this

provision does not apply to a shipment of goods under a bill of lading which directs the carrier to notify a third person of the arrival of such goods at destination. This act does not take from such person the right of inspection. The exercise of this right does not work to the detriment or prejudice of the shipper, nor does it improperly disclose the shipper's business transactions to a competitor. On the contrary it helps and aids the shipper, and does not disclose his business transactions to a competitor.

This instruction was especially harmful to the defendant, in view of the allegation in paragraph 19 of the second count of the plaintiff's petition, which was introduced by her amendment of June 8, 1920, " that the defendant Oil Company had a right to go upon said car for the purpose of obtaining samples, and to inspect the same." In view of this admission in the plaintiff's petition, the trial court should not have instructed the jury that this defendant was not authorized to take possession of the car in question for any purpose, as the jury might have inferred therefrom that the defendant was a wrong-doer in going upon said car, and in undertaking to take samples of its contents, by reason of the fact that the defendant had not paid the draft drawn on it for the payment of the oil and taken up the bill of lading.

4. In the fourth division of its opinion the Court of Appeals held that the trial judge did not err in refusing any of the written requests to charge, preferred by this defendant. We agree with the Court of Appeals that the learned and able trial judge did not err in this respect, except as to the request set out in the 11th ground of the motion for new trial. The court was timely and properly requested to instruct the jury " that if Hyde had the right to take a sample of the fluid supposed to be gasoline from the tank car, as set forth in plaintiff's amendment, then he was not a trespasser, and negligence cannot be inferred from that fact." In view of what we have said in dealing with the decision of the Court of Appeals, set out in its third division, we are of the opinion that the defendant was entitled to this instruction.

5. As we reverse the judgment of the Court of Appeals, we do not think it proper to discuss the evidence.

The judgment of the Court of Appeals is *reversed,* and the case is remanded for further proceedings in accordance with the rulings above made.                    *All the Justices concur.*